IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,090-01






EX PARTE MILTON DWAYNE GOBERT








ON NOTICE OF UNTIMELY APPLICATION FOR WRIT OF HABEAS CORPUS


FILED IN CAUSE NO. D-1-DC-06-904006-A


IN THE 331ST DISTRICT COURT


TRAVIS COUNTY






 Per Curiam. 



O R D E R



 This case is before us because an application for writ of habeas corpus has been
untimely filed pursuant to the provisions of Texas Code of Criminal Procedure Article
11.071. (1)

 The trial court appointed John W. Stickels to represent applicant in a post-conviction
writ of habeas corpus under Article 11.071. On September 12, 2011, the State filed in this
Court its brief on applicant's direct appeal. Pursuant to Article 11.071, §§ 4(a) and 4(b), and
because a motion for extension was timely filed and granted, applicant's application for writ
of habeas corpus was due in the convicting court on or before January 25, 2012. See Ex
parte Reynoso, 257 S.W.3d 715 (Tex. Crim. App. 2008). 

 The writ application was untimely filed in the trial court on January 26, 2012. 
Pursuant to Article 11.071, § 4A(a), this Court could order counsel to show cause why he
failed to file the application in a timely manner. However, immediately upon realizing that
the application was delivered late, counsel contacted this Court and submitted a motion to
file an out of time writ. The motion also set out counsel's reasons for the untimely filing. 
We accept that filing as counsel's showing of good cause. 

 In the motion, counsel stated that he delivered the completed writ application to
Federal Express on January 24, 2012, for overnight shipping to the district clerk. Because
of heavy storms in the Dallas/Fort Worth area that evening and flooding in the Austin area,
Federal Express was apparently unable to complete the overnight delivery and delivered the
application to the proper place a day later.

 Because the circumstances were primarily outside of counsel's control, and because
counsel was extremely diligent in alerting this Court to the problem, we find that he has
shown good cause for his failure to timely file an application on applicant's behalf. The
application shall be considered timely filed as of January 26, 2012, and the trial court is
ordered to proceed with its review of the application. The timelines set out in Article 11.071,
§§ 6-9, shall start to run as of the day this order is issued. 

 IT IS SO ORDERED THIS THE 15TH DAY OF FEBRUARY, 2012.


Do Not Publish
1. Unless otherwise indicated all references to Articles refer to the Code of
Criminal Procedure.